UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HERITAGE IP LLC,<br><br>                    Plaintiff,<br><br>         v.<br><br>NINTENDO OF AMERICA INC,<br><br>                    Defendants. | Case No. C21-1333 RSM-TLF<br><br>REPORT AND RECOMMENDATION<br><br>NOTING DATE: MARCH 11, 2022 |

This matter comes before the Court Defendant Nintendo of America, Inc.'s motion to dismiss under Rule 12(b)(6). Dkt. 23. Plaintiff brings this action alleging that defendant has infringed on plaintiff's patent, United States Patent No. 6,854,067 ("Patent") (Dkt. 1-1). Dkt. 1, Complaint, at 1. Plaintiff seeks monetary damages for defendant's alleged infringement of the Patent. Dkt. 1, at 2. Plaintiff alleges two theories of infringement – either the defendant infringed the Patent literally, or under the doctrine of equivalents, or under both theories. Dkt. 1, at 7.

Defendant seeks dismissal under Federal Rule of Civil Procedure 12(b)(6), arguing that the Patent is patent-ineligible under 35 U.S.C. § 101. Dkt. 23, at 7. Further, defendant argues that the Court should dismiss plaintiff's indirect infringement and willful infringement claims because plaintiff has not alleged sufficient facts to support defendant's pre-litigation knowledge of the Patent. Dkt. 23, at 8-9.

REPORT AND RECOMMENDATION - 1

Plaintiff has not responded to the motion to dismiss. Rather, plaintiff filed an Amended Complaint. Dkt. 25. Plaintiff timely and properly filed its amended complaint as a matter of course within 21 days of Defendant's 12(b)(6) motion. *See* Fed. R. Civ. P. 15(a)(1)(B). Defendant filed a second motion to dismiss on February 17, 2022. Dkt. 28. Defendant has not withdrawn its first motion to dismiss.

An "amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) (internal citation omitted), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927–28 (9th Cir. 2012). Where a motion to dismiss targets a complaint that has been superseded by an amended complaint, the court should deem the motion to dismiss moot. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

Defendant's motion to dismiss (Dkt. 23) was mooted by plaintiff's amended complaint (Dkt. 25), and it should therefore be DENIED without prejudice.

The parties have fourteen (14) days from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); see also FRCP 6. If objections are filed, the parties shall have fourteen (14) days from the service of the objections to file a response. FRCP 72(b)(2). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).

1   Accommodating the above time limit, the Clerk shall set this matter for
2   consideration on March 11, 2022, as noted in the caption.

4   Dated this 25th day of February, 2022.

Theresa L. Fricke
United States Magistrate Judge